# United States District Court
## District of Maryland

07 - 018 - M - 01

RECEIVED
U S MARSHALS
GREENBELT, MARYLAND
2006 NOV 16 P 2:34

UNITED STATES OF AMERICA

v.

Louis Henry Martin

**WARRANT FOR ARREST**

Case No. AW-97-044

**FILED**

JAN 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TO: The United States Marshal and any
Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest Louis Henry Martin and bring him/her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him/her with *(brief description of offense)*:

Alleged Violation of Term of Supervised Release Agreement

in violation of Title United States Code, Section(s)

Felicia C. Cannon
Name of Issuing Officer

(By) Deputy Clerk

Bail fixed at $ No Recommendation

Clerk, U.S. District Court
Title of Issuing Officer

November 16, 2006    Greenbelt, MD
Date and Location

by Alexander Williams, Jr., U.S. District Judge
Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| Date Received 11-16-06 | Name and Title of Arresting Officer REPORTING DAVID BALDWIN SDUSM | Signature of Arresting Officer REPORTING David Baldwin |
|---|---|---|
| Date of Arrest 01-30-07 | | |

U.S. DISTRICT COURT (Rev. 12/98)

PROB 12
(Rev. 3/88)

# United States District Court
## for the
### DISTRICT OF MARYLAND  07 - 018 - M - 01

U.S.A. vs. Louis Henry Martin

Docket No.: AW-97-044

**FILED**

Petition on Supervised Release

JAN 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COMES NOW Deborah D. Thorpe PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of **Louis Henry Martin** who was placed on supervision for **Armed Bank Robbery & Use of a Firearm in Connection With a Crime of Violence** by the Honorable Alexander Williams, Jr., U.S. District Judge, sitting in the court at Greenbelt, Maryland, on the 5th day of January, 1998 who fixed the period of supervision at 3 year(s), and imposed the general terms and conditions theretofore adopted by the court and also imposed additional conditions and terms as follows:

* Committed to custody of Bureau of Prisons for 63 months, followed by supervised release for a term of 3 year(s).

1. The defendant is instructed to pay a Special Assessment in the amount of $200.00.
2. The defendant shall submit to regular urinalysis during his period of supervised release. Should the defendant submit a positive urinalysis, and the U.S. Probation Officer determine that he is in need of treatment, the defendant will participate in treatment as directed by the U.S. Probation Officer.
3. The defendant shall not possess a firearm as defined in Title 18 U.S.C. § 921.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short, insert here; if lengthy write on separate sheet and attach)

WHEREAS: Mr. Martin has violated his Standard Conditions of supervised release which states, the defendant shall NOT COMMIT any federal, state or local crime and the defendant shall NOT POSSESS a firearm as defined in Title 18 U.S.C. § 921, by being rearrested and charged by the Metropolitan Police Department in the Superior Court for the District of Columbia with CARRY A PISTOL WITHOUT A LICENSE [Outside Home or Place of Business] and UNLAWFUL POSSESSION OF A FIREARM, case number 2006 - CF - 2023336.

PRAYING THAT THE COURT WILL ORDER a warrant be issued for the arrest of Louis Henry Martin for allegedly violation the term of his supervised release agreement.

ORDER OF COURT

Considered and ordered as prayed this 14th day of November 20 06 and ordered filed and made a part of the records in the above case

_____
Alexander Williams, Jr.
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

_____
Deborah D. Thorpe, Special Offender Specialist

Place  Greenbelt, Maryland

Date  November 9, 2006

**U.S. Probation and Pretrial Services**

# MEMORANDUM

DATE: November 9, 2006

TO: The Honorable Alexander Williams, Jr.
U.S. District Judge

FROM: Deborah D. Thorpe
Special Offender Specialist

RE: MARTIN, Louis
Docket No.: AW - 97 -044
Exp. Date: 6/18/2009

SUBJ: **VIOLATION REPORT - REQUEST FOR WARRANT**

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

NOV 15 2006

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**Sentencing Information:**

Pursuant to the attached correspondence submitted by United States Probation Officer Buffeyanne E. Esquivel, for the District of Columbia, I respectfully request on her behalf, the issuance of a warrant for the arrest of the above-named offender alleging that he violated certain conditions of his supervised.

On January 5, 1998, Louis Henry Martin appeared before Your Honor for sentencing subsequent to conviction for the offense of **Armed Bank Robbery, in violation of Title 18 U.S.C. §2113(d) & Use of a Firearm in Connection With a Crime of Violence in violation of Title 18 U.S.C. § 924( c )**. He was sentenced to the Custody of the Attorney General for a period of 63 months confinement, to run concurrent with the Judgement imposed on December 12, 1997, by the Honorable Albert V. Bryan, Jr., United States District Judge for the Eastern District of Virginia, Criminal Case No. 97 - 0389, followed by three years supervised release. The following additional conditions were imposed:

1. The defendant is instructed to pay a Special Assessment in the amount of $200.

2. The defendant shall submit to regular urinalysis and participate in treatment if directed.

3. The defendant shall not possess a firearm as defined in Title 18 U.S.C. § 921.

On June 19, 2006, the offender was released from the custody of the Bureau of Prisons to commence his supervised release. He has a full term expiration date of June 18, 2009.

MARTIN, Louis
Violation Report
Page 2

Adjustment to Supervision/Violations Alleged:

Louis Henry Martin's overall adjustment to supervision is described by U.S. Probation Officer Buffeyanne E. Esquivel as unsatisfactory.

U.S.. Probation Officer Esquivel alleges the offender has violated the following conditions of his supervised release agreement:

1. Mr. Martin has violated his Standard Conditions of supervised release which states, the defendant shall NOT COMMIT any federal, state or local crime and the defendant shall NOT POSSESS a firearm as defined in Title 18 U.S.C. § 921, by being rearrested and charged by the Metropolitan Police Department in the Superior Court for the District of Columbia with CARRY A PISTOL WITHOUT A LICENSE [Outside Home or Place of Business] and UNLAWFUL POSSESSION OF A FIREARM, case number 2006 - CF - 2023336.

According to the attached police report, a witness observed a motor vehicle accident, involving one vehicle, at the intersection of 6th and E Street, SE, Washington, D.C. Immediately after the accident, the witness reported observing Mr. Martin getting out of the driver side seat after rummaging through the vehicle. He was then observed walking toward the seating area behind the Nasif Building (the Department of Transportation). Medical personnel offered medical attention, which Mr. Martin refused. Mr. Martin then moved to another seat in the seating area, where the witness reported seeing him toss a handgun into the bushes. The witness provided this information to a Metropolitan Police Officer who confirmed the gun's location and notified another officer of the discovery. The offender was placed under arrest. See attached for further details.

It is important to note, the weapon was test fired and found operable.

According to U.S. Probation Officer Esquivel, a check of the Superior Court for the District of Columbia, the offender appeared for a bond hearing on October 20, 2006, and was detained, due to being a flight risk. On October 23, 2006, the offender appeared in Superior Court for his Preliminary Hearing, probable cause was found, and the offender was held for Grand Jury. At the time of this writing, the offender was still in custody.

Additionally, a routine record check conducted on November 9, 2006, revealed that the offender was ticketed by the Maryland State Police on September 7, 2006, and charged with **AGGRESSIVE DRIVING BY COMMITTEE, case number 0EI15082.** Mr. Martin is scheduled to appear in the District Court for Anne Arundel County (Glen Burnie) on January 25, 2007. See attached.

MARTIN, Louis
Violation Report
Page 3

**Recommendation:**

Based on the above-mentioned violations, this officer on behalf of U.S. Probation Officer Buffeyanne Esquivel for the District of Columbia, respectfully recommend that a warrant be issued for the arrest of Louis Henry Martin charging him with violating the conditions of his supervised release agreement.

I have attached a Form 12 for the Court to execute, should Your Honor concur.

The U.S. Sentencing Commission has issued policy statements effective November 1, 1990, for violation of probation and supervised release. The policy statements are contained in a revised Chapter Seven of the updated Guidelines Manual that incorporated amendments effective November 1, 1991, et. Seq. Additionally, 18 U.S.C. 3553 ( c ) requires the Court to state the reasons for its imposition of a particular revocation sentence. Effective September 13, 1994, the Court is required to consider the applicable guidelines or policy statements issued by the Sentencing Commission in the case of a violation of probation or supervised release - 18 U.S.C. 3553 (a)(4)(B). We are attaching a Violation Worksheet.

The reimposition of Supervised Release after revocation is now authorized by a new section, 18 U.S.C. 3583(h), if the offender is sentenced to less than the maximum prison term available. The length of such a term of supervised release shall not exceed the TSR authorized by statute for the offense that resulted in the original TSR, less any term of imprisonment that was imposed upon revocation. Revised section 18 U.S.C. 3583(e)(3) provides that the maximum prison sentences allowed upon revocation of supervised release - 5 years if the original offense was a Class A Felony, 3 years for a Class B Felony, 2 years for a Class C or D Felony, or one year in any other case.

When a violation of probation or supervised release is based on Possession of a Controlled Substance, Possession of a Firearm, or refusal of required drug testing, revocation is mandated and a term of imprisonment must be imposed. The "not less than one-third" language has been deleted. It should be noted that a refusal of required drug testing violation can only mean mandated revocation for those cases where the original offense occurred on or after September 13, 1994.

Should Your Honor have any questions or concerns, this officer is available at (301) 344-3873.

Mr. Martin's last known address is

Mr. Martin was represented at sentencing by Michael T. Citaramanis, Office of the Federal Public Defender, 6411 Ivy Lane, Suite 710, Greenbelt, MD 20770-4510.

The Government was represented at sentencing by Ranganath Manthripragada, U.S. Courthouse, Suite 400, 6500 Cherrywood Lane, Greenbelt, Maryland 20770.